1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUIS LORENZO ARMENTERO,              No.  2:15-cv-1151 AC P

12              Plaintiff,

13        v.                              ORDER

14   CITY OF VACAVILLE, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner incarcerated at California State Prison Solano (CSP-SOL), who

18   proceeds pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has

19   consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28

20   U.S.C. § 636(c), and Local Rule 305(a).  See ECF No. 6.

21        This is the court's third order addressing the inadequacies of plaintiff's in forma pauperis

22   application.[1]  Most recently, plaintiff submitted an application that does not include the date of his

23   signature (see ECF No. 10 at 2); lacks the certification portion of the application required in this

24   district (id.); and provides a copy of his prison trust account statement which, though certified,

25   reflects plaintiff's account balance only for the single date October 1, 2015 (id. at 3).  Plaintiff's

26   _____

27   [1] Plaintiff should be familiar with the pertinent requirements because he has filed more than
     fifteen cases in this court.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (a
     court may take judicial notice of its own records and the records of other courts); accord, United
28   States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

                                          1

1   only other pertinent filing is a copy of his prison trust account statement for the single date May

2   19, 2015.  See ECF No. 5.

3        This court has twice informed plaintiff that he must pay the required fees ($400.00), or

4   submit a fully completed in forma pauperis application that is certified by an authorized officer at

5   his place of incarceration, and provide a certified copy of his prison trust account statement for

6   the six-month period preceding the filing of his complaint, see 28 U.S.C. § 1915(a)(2).  The

7   court's last order indicated that plaintiff would be accorded "one final opportunity."  See ECF No.

8   7 at 1; see also id. at 2 ("Plaintiff's failure to comply with this order will result in the dismissal of

9   this action without prejudice.").  Plaintiff's current filing reflects that opportunity.

10       In an effort to determine whether plaintiff should be accorded any additional guidance and

11  time to comply with the court's orders, the undersigned has conducted a preliminary review of

12  plaintiff's complaint.  See 28 U.S.C. § 1915A.[2]  The complaint alleges in pertinent part:

13
14
> Since May 27, 2015, all the named defendants . . . are subjecting to
> [sic] plaintiff to obey an arbitrary, oppressive, punitive and
> ridiculous custom, practice and policy . . . [requiring prisoners to]
> take out a piece of cardboard or a yellow manila envelope through
15  > the cell door crack to make flags to the defendants' booth officer to
> get the cell door opened.
16

17  ECF No. 1 at 3; see also id. at 5-6.  The complaint alleges that the challenged practice interferes

18  with plaintiff's "rights, privileges, medical and other appointments and prison program."  Id. at 3.

19  Plaintiff seeks damages and injunctive relief.  The named defendants are City of Vallejo (the

20  location of CSP-SOL), the CSP-SOL Warden, three named CSP-SOL Correctional Officers, and

21  the Director of the California Department of Corrections and Rehabilitation (CDCR).  The

22  complaint states that plaintiff's administrative appeal on this matter was rejected three times at

23  the first level; the second level was "obstructed;" and the "Third Level and the regional office

24  ────────────────

25  [2] Once a prisoner's in forma pauperis application is granted, or the plaintiff has paid the filing
    fee, the court is required to screen the complaint.  See 28 U.S.C. § 1915A(a).  The court must
26  dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous
    or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary
27  relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),(2).  See
    also Neitzke v. Williams, 490 U.S. 319, 325 (1989) (claim is legally frivolous when it lacks an
28  arguable basis either in law or in fact).

1   referred the appeal from return to my appeals coordinator's office whom failed to respond it"

2   [sic].  Id. at 2.

3        The court finds that the allegations of the complaint fail to state a cognizable civil rights

4   claim.  To the extent that the challenged practice is standard at CSP-SOL, legitimate penological

5   objectives support an ordered, peaceful means for prisoners to alert prison officials that they

6   request leave from their cells for medical appointments or other authorized reasons.  See Turner

7   v. Safley, 482 U.S. 78 (1987) (setting forth factors to be balanced in determining whether a prison

8   regulation is reasonably related to legitimate penological interests).  Moreover, plaintiff concedes

9   that he has not exhausted his administrative remedies.[3]  For these reasons, it would be both futile

10  and an unnecessary expenditure of judicial resources to permit plaintiff to again attempt to submit

11  a completed in forma pauperis application.

12       Accordingly, IT IS HEREBY ORDERED that:

13       1.  Plaintiff's motion to proceed in forma pauperis, ECF No. 10, is denied because it

14  remains incomplete.

15       2.  This action is dismissed without prejudice for failure to comply with court orders, see

16  Fed. R. Civ. P. 41(b), and because the complaint does not state a potentially cognizable claim for

17  relief, see 28 U.S.C. § 1915(A).

18       3.  The Clerk of the Court is directed to close this case.

19  DATED: December 18, 2015

20  _____
    ALLISON CLAIRE
21  UNITED STATES MAGISTRATE JUDGE

22

23

24

25  [3]  The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust "such administrative
    remedies as are available" before commencing a suit challenging prison conditions.  See 42
26  U.S.C. § 1997e(a); see also Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005).  Although the
    PLRA does not require exhaustion "when circumstances render administrative remedies
27  'effectively unavailable,'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citation omitted),
28  this court need not reach that question due to the frivolity of plaintiff's claim.